UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LAWRENCE N. WILSON,

      Movant,

v.                                                   Case No. 1:19-CV-427
                                                 (Criminal Case No. 1:14-CR-39)
UNITED STATES OF AMERICA,

                                                 HON. GORDON J. QUIST

      Respondent.
_____/

## OPINION

Movant, Lawrence Wilson, has filed a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody, seeking relief from his conviction by plea to possession with intent to distribute 28 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). Wilson pled guilty on June 11, 2014, before Magistrate Judge Hugh Brenneman, pursuant to a plea agreement and an amended plea agreement. (Case No. 1:14-CR-39 (Criminal Case), ECF No. 30.) Judge Bell accepted Wilson's plea on August 18, 2014. (Criminal Case, ECF No. 36.) Because Wilson had at least two prior convictions of either a crime of violence or a controlled substance offense, Wilson qualified as a career offender pursuant to U.S.S.G. § 4B1.1. (Criminal Case, ECF No. 42 at PageID.174.) On October 27, 2014, Judge Robert Holmes Bell sentenced Wilson to 192 months imprisonment, followed by 5 years of supervised release. (Criminal Case, ECF No. 47.)

Wilson appealed his sentence to the United States Court of Appeals for the Sixth Circuit. On January 9, 2017, the Sixth Circuit affirmed, rejecting Wilson's argument that his appeal waiver in his plea agreement was invalid. *United States v. Wilson*, 675 F. App'x 526, 529–31

(6th Cir. 2017). Wilson did not file a petition for certiorari to the United States Supreme Court. Nor did Wilson file a § 2255 motion within the one-year period set forth in 28 U.S.C. § 2255(f)(1). Instead, on June 3, 2019—more than two years after the one-year period under § 2255(f)(1) expired, Wilson filed his instant motion, invoking § 2255(f)(4), which provides a one-year limitations period commencing "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Citing *Descamps v. United States*, 570 U.S. 254, 133 S. Ct. 2276 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), Wilson argues that his counsel was ineffective for failing to raise "whether the state statutes [supporting his prior convictions] are divisible and subject to categorical analysis." (ECF No. 1 at PageID.4.) Wilson argues that his counsel's ineffective assistance provides cause for his untimely filing. (*Id.* at PageID.3.)

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, upon receiving a § 2255 Motion, the judge who imposed the sentence must "promptly examine" the motion, and "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Having conducted the review required by Rule 4(b), the Court will dismiss the motion because it is without merit.

Assuming only for purposes of review pursuant to Rule 4(b) that Wilson's motion is timely,[1] Wilson's motion is subject to dismissal because Wilson waived his right to collateral

---

[1] In general, a habeas petitioner is entitled to notice and an opportunity to be heard before the district court on the issue of equitable tolling. *Day v. McDonough*, 547 U.S. 198, 210, 126 S. Ct. 1675, 1684 (2006). Because the Court dismisses Wilson's § 2255 motion on a ground other than untimeliness, the Court need not provide Wilson an opportunity to argue for equitable tolling.

review in both his original and his amended plea agreements. (Criminal Case, ECF No. 26 at PageID.50–51; ECF No. 29 at PageID.63.) The waiver provided, in pertinent part: "The defendant also waives the right to challenge such a sentence and the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under 28 U.S.C. § 2255 (except a challenge that goes to the validity of this waiver, such as a claim that the waiver was involuntary or the product of ineffective assistance of counsel)." (ECF No. 29 at PageID.63.)

The transcript of the plea hearing discloses that not only did the prosecutor explain the terms of the waiver during the plea hearing, (Criminal Case, ECF No. 35 at PageID.116–17), but that the magistrate judge did so as well. The magistrate judge advised Wilson, "You're giving up your right to file [a § 2255] motion as well unless you were to file it based on the fact that you thought you had not waived that right or that you had ineffective assistance of counsel . . . . Do you understand that?" Wilson answered, "Yes." (*Id.* at PageID.126.)

It is well established in the Sixth Circuit that "plea-agreement waivers of § 2255 rights are generally enforceable." *Short v. United States*, 471 F.3d 686, 698 (6th Cir. 2006); *see also In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007) ("We have held that a defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentenced is enforceable."). In fact, "[i]t is well settled that a defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement." *United States v. Fleming*, 239 F.3d 761, 763–64 (6th Cir. 2001) (internal quotation marks omitted). All that is required is that the waiver must have been knowing and voluntary. *Cox v. United States*, 695 F. App'x 851, 853 (6th Cir. 2017).

Here, there can be no dispute that Wilson's waiver of his right to file a collateral attack on his sentence was knowing and voluntary. First, the magistrate judge's plea colloquy with Wilson establishes that Wilson knowingly and voluntarily waived his rights. Second, the Sixth Circuit's decision on appeal concluded that Wilson's appeal waiver, which was part of the same provision containing the collateral-attack waiver, was valid. *Wilson*, 675 F. App'x at 531. Moreover, Wilson does not argue in his instant § 2255 motion that his wavier of his right to collaterally attack his sentence was not knowing and voluntary or that the waiver was the product of ineffective assistance of counsel.

Although Wilson does not raise the argument—because he does not mention his collateral attack waiver—Wilson has no basis to argue that *Descamps* and *Mathis* are not within the scope of his waiver. First, *Descamps* was decided a year before Wilson entered into the plea agreement. Second, even though *Mathis* was decided after Wilson entered into the plea agreement, the waiver still applies. The Sixth Circuit "has consistently held [that] § 2255 or appeal waivers with plain language that precludes . . . *Mathis*-based claims are enforceable even if those waivers were entered into years before . . . *Mathis* [was] decided." *Cox*, 695 F. App'x at 853. As the Sixth Circuit has explained, "[i]t is well settled . . . that a change in law cannot render a plea agreement unknowing." *United States v. Morrison*, 852 F.3d 488, 490 (6th Cir. 2017) (citing *Brady v. United States*, 397 U.S. 742, 757, 90 S. Ct. 1463, 1473 (1970), and *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005)). Because a plea agreement, like any other contract, allocates risks between the parties, "a defendant assumes the risk that a shift in the legal landscape may engender buyer's remorse." *Id.* Thus, "courts will enforce appeal waivers even when a legal development makes it likely that the defendant would receive a lower sentence

were the defendant resentenced under the new law, and even when the legal change affects constitutional rights." *Id.* at 491.

Consequently, in light of his knowing and voluntary waiver of his right to collaterally attack his sentence pursuant to § 2255, or any other avenue of collateral attack, Wilson's § 2255 motion is subject to dismissal.

Having concluded that Wilson is not entitled to relief, the Court must consider whether a certificate of appealability should issue under 28 U.S.C. § 2253(c)(2). A certificate should issue if Wilson has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). To demonstrate the denial of a constitutional right, the movant must show that reasonable jurists could conclude that the motion should have been resolved in a different manner, or that the issues presented were adequate enough for encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603 (2000). Consequently, this Court has considered Wilson's claim under the *Slack* standard. The Court finds that reasonable jurists could not find that this Court's dismissal of Wilson's claim on the basis that Wilson waived his right to collaterally attack his sentence was debatable or wrong. Therefore, the Court will deny Wilson a certificate of appealability.

In sum, the Court will dismiss Wilson's § 2255 Motion and deny him a certificate of appealability

A separate order will issue.

Dated: July 30, 2019 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE